FILED
SEP 1 9 2006
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BABETTE BERIONES,<br><br>                Plaintiff,<br>vs.<br><br>STATE OF CALIFORNIA, OFFICER DANIEL MAKIS, OFFICER GUILLERMO MENDEZ and DOES 1-20,<br><br>                Defendants. | CASE NO. 05CV1747-LAB (LSP)<br><br>**ORDER GRANTING MOTION TO DISMISS ON MODIFIED GROUNDS AND WITHOUT PREJUDICE**<br><br>[Dkt No. 13] |

    This 42 U.S.C. § 1983 matter is before the court on defendant police officers' Motion To Dismiss Complaint With Prejudice ("Motion"). Plaintiff Babette Beriones ("Beriones") has filed no timely opposition.[1] Pursuant to Civil Local Rule 7.1(d)(1), the court finds the issues presented appropriate for decision on the papers and without oral argument, so that the hearing presently scheduled for September 25, 2006 is *off-calendar*. For the reasons discussed below the Motion is **GRANTED,** but without prejudice.

    Beriones filed her Complaint on September 8, 2005, proceeding *pro se*, seeking money damages from the State of California and two named California Highway Patrol officers. She alleged the officers arrested her in September 2003 for driving under the influence without probable cause,

---

[1] Beriones called the court to say she was "dropping off" a response to the Motion, but days after the deadline to do so had passed, and was informed the document would be rejected as late. Beriones is admonished that should this litigation go forward, she must adhere to all deadlines set by court orders or by the rules of court or face a potential loss of rights or sanctions.

1  denied her request to speak with her attorney, and filed false police reports. She brought two federal
2  claims under 42 U.S.C. § 1983 (unlawful search and seizure/excessive force and unlawful policies,
3  customs or habits), with five pendant state law claims (perjury; battery; false imprisonment;
4  negligence; and damages under CAL. CIV. CODE § 52.1 (Interference With Exercise of Civil Rights)).
5  Defendants successfully moved to dismiss the Complaint. This court's Order entered May 8, 2006
6  described the defects in the Complaint and gave Beriones a deadline to file a First Amended Complaint
7  to correct them if she could. The Order admonished that if she failed to amend the Complaint by the
8  deadline, the dismissal would be converted from without prejudice to with prejudice. The parties
9  presented a stipulation, approved by the court, extending her deadline to June 9, 2006.

10   On June 8, 2006, Beriones filed a document captioned "Response To Court Ordered Demand
11 For A <u>First Amended Complaint For Jury Trial</u>." Dkt No. 12. Defendants' Motion invokes the
12 provision of the court's prior Order that Beriones' action would be dismissed with prejudice if she
13 failed to timely file a First Amended Complaint by contending they do not "interpret" her "Response"
14 document as a First Amended Complaint. Mot. 2:15-16. They represent they wrote to Beriones to
15 inquire whether she intended the document to be a First Amended Complaint, but received no
16 response. Wolfe Decl. ¶¶ 3-4.

17   Contrary to Defendants' construction of Beriones' June 8, 2006 filing, the court liberally
18 construes this *pro se* plaintiff's "Response To Court Ordered Demand For A <u>First Amended Complaint</u>
19 <u>For Jury Trial</u>" as her First Amended Complaint in attempted compliance with the court's May 8, 2006
20 Order, despite extraneous commentary, requests for discovery and an evidentiary hearing, and
21 argument on the merits of the prior ruling which are beyond the proper scope of an initial pleading.
22 The hybrid document closes with a "Prayer For Relief," further supporting the court's construction of
23 the document as an intended First Amended Complaint. Dkt No. 120, p. 7. Defendants' reliance on
24 Beriones' purported failure to file a First Amended Complaint is accordingly rejected as a ground for
25 dismissal.

26   Defendants also argue that even if the court construes Docket No. 12 as a First Amended
27 Complaint, the document is not "complete in itself" as is required of an operative pleading, it does not
28 comply with the FED.R.CIV.P. 8(a)(2) requirement plaintiff provide "a short and plain statement of the

1  claim showing that the pleader is entitled to relief," nor does it provide "simple, concise, and direct"
2  averments in the pleading as is required by FED.R.CIV.P. 8(e)(1). The court finds the document is not
3  complete in itself because Beriones recites she "hereby amends the original Complaint to include two
4  additional Causes of Action" and sets forth those purported amendments under headings stating they
5  are a "First Addendum" and a "Second Addendum." Dkt No. 12, 5:5-24. In addition, she does not
6  replead as discrete claims any of the five state law claims from her original Complaint, but rather
7  requests a hearing with compelled document production which she argues will show the California
8  Tort Claims Act and statute of limitations defects Defendants previously identified are not actually
9  obstacles to this litigation on those theories. She cites a claim number she contends the State of
10 California rejected, suggesting she may be able to prove her state law claims are not barred on those
11 grounds.

12         Although the Motion relies on various technical defects as grounds to dismiss the amended
13 pleading, the court applies a standard akin to FED.R.CIV.P. 12(b)(6), giving the benefit of doubt to the
14 *pro se* plaintiff. The court is unable to conclude Beriones' claims lack any cognizable legal theory
15 (Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984); *see* Neitzke v. Williams,
16 490 U.S. 319, 326 (1989) ), but she must plead each theory in its entirety in a superseding complaint
17 and must plead all essential facts to sustain each theory. Robertson, 749 F.2d at 534. She must do so
18 in a format complying with all Local Civil Rules and Federal Rules of Civil Procedure, without
19 argument or discussion of prior motions or rulings in this case. Her First Amended Complaint is
20 deficient for failure to do so.

21         For the foregoing reasons, **IT IS HEREBY ORDERED**:
22         1.      The hearing of this unopposed Motion is off-calendar for oral argument.
23         2.      The court finds Beriones timely complied with the court's Order that she file a First
24 Amended Complaint.
25         3.      Defendants' Motion To Dismiss is **GRANTED**, but on modified reasoning and without
26 prejudice.
27         4.      On or before *October 6, 2006*, Beriones shall serve and file a pleading captioned
28 "Second Amended Complaint" to cure all defects identified in this Order and in the Order entered

1 | May 8, 2006. The Second Amended Complaint must state each discrete claim for relief, will
2 | supersede her Complaint and her First Amended Complaint in their entireties, and may not
3 | incorporate any prior pleading by reference. Failure to timely file a Second Amended Complaint will
4 | result in an automatic dismissal of this action, with prejudice, upon notice from defendants of the
5 | default.
6 |      5.    No further leave will be granted for Beriones to file an amended opening pleading in
7 | this action, and the Second Amended Complaint filing deadline is firm.
8 | **IT IS SO ORDERED.**
9 | DATED: 9-19-06

*Larry A. Burns* (signature)

**HONORABLE LARRY ALAN BURNS**
United States District Judge

cc:  MAGISTRATE JUDGE LEO S. PAPAS
     PLAINTIFF, *PRO SE*
     ALL COUNSEL OF RECORD