# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BABETTE BERIONES,<br><br>　　　　　　　　　Plaintiff,<br>　vs.<br><br>STATE OF CALIFORNIA, OFFICER DANIEL MAKIS, OFFICER GUILLERMO MENDEZ and DOES 1-20,<br><br>　　　　　　　　　Defendants. | CASE NO. 05CV1747-LAB (LSP)<br><br>**ORDER GRANTING MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>[Dkt No. 23] |

This 42 U.S.C. § 1983 civil rights action is before the court on defendants' Motion To Dismiss Second Amended Complaint ("Motion") for failure to state a claim. Plaintiff, proceeding *pro se*, filed Opposition to the Motion. Defendants filed a Reply. Pursuant to Civil Local Rule 7.1(d)(1), the court finds the issues appropriate for decision on the papers and without oral argument. For the reasons discussed below, the Motion is **GRANTED**.

**I.   BACKGROUND**

Plaintiff Babette Beriones ("Beriones") seeks money damages from the State of California and two named California Highway Patrol officers. She alleges, in the three iterations of her complaint, the officers arrested her in the early morning hours of September 5, 2003 for driving under the influence. She contends, among other things, they lacked reasonable cause to do so, denied her request to speak with her attorney, and filed false police reports. She alleges, among other things, she suffered physical and emotional injury from the manner in which the officers treated her during the arrest process, loss of income when the DMV suspended her driving privileges for refusing a chemical test after her arrest, and a conviction following trial on misdemeanor DUI charges she alleges were

1  predicated on false evidence. By Order entered May 8, 2006, the court granted without prejudice
2  Defendants' Motion To Dismiss Beriones' original Complaint. By Order entered September 19, 2006,
3  the court granted Defendants' Motion To Dismiss First Amended Complaint, on modified reasoning
4  and without prejudice. Beriones filed her Second Amended Complaint ("SAC"), the subject of this
5  Order, on October 6, 2006.

6  The SAC names the same three defendants as the two prior iterations of her claims. She relies
7  on 42 U.S.C. § 1983 for her first two causes of action (Excessive Force alleged against "all
8  defendants," and Unlawful Policies, Customs Or Habits against the State of California). She alleges
9  the same five pendant state law claims as in her prior pleadings: perjury; battery; false imprisonment;
10 negligence; and damages under CAL. CIV. CODE § 52.1 (Interference With Exercise of Civil Rights).
11 Although she no longer presents a separate unlawful search and seizure claim, she characterizes the
12 alleged use of excessive force in her First Cause of Action as "constitut[ing] an unlawful seizure"
13 (SAC ¶ 39), and her general allegations continue to assert the officers lacked probable cause to arrest
14 her. With respect to the pendant state law claims, the SAC alleges Beriones complied with the
15 California Tort Claims Act ("CTCA") and timely presented the claims to the State of California's
16 Victim Compensation and Government Claims Board, pursuant to CAL. GOV. CODE § 945.4, which
17 the Board rejected on about April 23, 2004. SAC ¶ 37. That SAC paragraph addresses a deficiency
18 identified in her First Amended Complaint, where she failed to allege the essential element of
19 prerequisite compliance with the CTCA.

20 Defendants move to dismiss the SAC on grounds: the Fourth Amendment excessive force
21 claim is barred by the CAL. CODE CIV. PROC. § 335.1 two-year statute of limitations; any latent
22 unlawful arrest claim is barred by the "favorable termination" rule of <u>Heck v. Humphrey</u>, 512 U.S. 477
23 (1994) ; and her state law claims are barred by the CAL. GOV. CODE § 945.6(a)(1) six-month statute
24 of limitations.

25 **II.   DISCUSSION**
26     **A.   <u>Legal Standards</u>**
27 A motion to dismiss under FED.R.CIV.PROC. ("Rule") 12(b)(6) tests the sufficiency of the
28 complaint. <u>Navarro v. Block</u>, 250 F.3d 729, 732 (9th Cir. 2001). A Rule 12(b)(6) dismissal is

1 appropriate only where "it appears beyond doubt that the plaintiff can prove no set of facts in support
2 of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Time-
3 barred claims provide no basis for relief, as the court lacks jurisdiction to address such claims.

### B. The Federal Claims Are Time-Barred

To state a 42 U.S.C. § 1983 civil rights claim, a plaintiff must allege deprivation of federal rights secured by the United States Constitution or laws caused by a person acting under color of state law. Graham v. Connor, 490 U.S. 386, 393-94 (1989). The court construes the SAC First Cause of Action as abandoning the unlawful arrest claim this court previously found would be barred by the Heck v. Humphrey rule, leaving only a Fourth Amendment claim defendants used excessive force in effectuating Beriones' arrest on September 5, 2003.[1] The SAC challenges the type and use of physical force and intimidation allegedly associated with the arrest, which can trigger Fourth Amendment protections. *See* Graham, 490 U.S. at 392 n.10. Were she successful on such a claim, it would not necessarily implicate the validity of her underlying convictions, affirmed on appeal, for violation of California's drunk driving laws, CAL. VEH. CODE §§ 23152(a), 23152(b).

Defendants move to dismiss the excessive force claim on statute of limitations grounds. "State law determines the statute of limitations for § 1983 suits." Cabrera v. City of Huntington Park, 159 F.3d 374, 379 (9th Cir. 1998), *citing* Trimble v. City of Santa Rosa, 49 F.3d 583, 585 (9th Cir. 1995) (*per curiam*) ("Section 1983 actions are characterized as personal injury actions for statute of limitations purposes"); Wilson v. Garcia, 471 U.S. 261, 276 (1985). California's personal injury statute of limitations appears at CAL. CODE CIV. P. § 335.1 and provides a limitations period of two years. "However, federal law governs when a cause of action accrues and the statute of limitations begins to run in a § 1983 action." Cabrera, 159 F.3d at 379, *citing* Elliott v. City of Union City, 25 F.3d 800, 801-02 (9th Cir. 1994). "The accrual of a § 1983 claim depends upon the substantive basis of the claim." Cabrera, 159 F.3d at 380. Generally, a claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of the action." TwoRivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999); *see also* Cabrera, 159 F.3d at 179, *citing* Elliott, 25 F.3d at 802. In its May 8, 2006

---

[1] To the extent Beriones may still be attempting to pursue an unlawful arrest claim, the court reiterates its prior determination that claim is foreclosed by the Heck v. Humphrey rule, as elaborated in the court's Order May 8, 2006 Order dismissing her Complaint.

1  Order granting defendants' Motion To Dismiss the Complaint, this court determined Beriones knew
2  or had reason to know her neck condition was made worse at the time of the arrest, so that her
3  excessive force claim accrued contemporaneously with her arrest, and finds nothing in the SAC to alter
4  that determination.  Her SAC allegations relate to the manner in which she was arrested, the allegedly
5  aggressive way in which the arresting officer handcuffed her and drove her to the CHP office, the
6  manner in which she was addressed while there, denial of opportunity to use the rest room or a
7  telephone, her unsuccessful attempts to provide a breath sample to test her sobriety resulting in a non-
8  consensual blood test instead, the fear and intimidation she alleges she felt, and the like, all comprising
9  conduct occurring on September 5, 2003 and thus known to Beriones no later than that date.  Beriones
10  filed her Complaint September 8, 2005, after the limitations period deadline.

11  Beriones contends in her Opposition that she had the assistance of retained counsel, James
12  Dunn, Esq., in pursuing her CTCA claim.  She was informed that claim was denied in a May 7, 2004
13  letter.  Beriones Decl. ¶ 4.  With no explanation for the time lag, and suggesting she had representation
14  through and including the filing of her Complaint in this action, she declares:  "On Monday,
15  September 5, 2005 my then retained attorney James Dunn attempted to file a civil claim on my behalf,
16  but was unable to do so because it was a Court holiday, Labor Day," but he told her "he would be given
17  a couple of extra days to file."  Id. ¶ 5.  She represents her counsel filed the Complaint on
18  September 8, 2005, and that she was purportedly "unaware that my claim had been filed *in pro per*."
19  Id.  Notwithstanding Berione's representations, on its face, the Complaint caption identifies no counsel,
20  identifies herself as proceeding *pro per*, and bears what purports to be her own signature with a date
21  of September 8, 2005.  Dkt No. 1.  Although the latitude accorded *pro se* plaintiffs does not excuse non-
22  compliance with the rules of civil procedure, courts liberally construe *pro se* filings.  The court
23  permitted Beriones to file a SAC, despite the appearance her claims are time-barred, because the court's
24  records indicate she is not represented by counsel in this action.  The court accorded her the
25  opportunity to demonstrate any tolling theory or other showing of a later accrual date for her claims in
26  consideration of her *pro se* status.  Her amended pleading and her Opposition to the Motion make no
27  showing adequate to relieve her from the strictures of the statute of limitations, and she is silent
28  regarding any explanation for the sixteen (16) months delay between her CTCA claim result and the

filing of this action.  Moreover, from her Declaration, it appears she was actually assisted by counsel from the administrative claim process through the preparation and filing of her Complaint, warranting no further leniency in this case.

Under FED.R.CIV.P. ("Rule") 6(a), the day of the event giving rise to a claim is not included in the calculation of a statute of limitations period.  Beriones' two-year statute of limitations to pursue Section 1983 claims accordingly began to run on September 6, 2003.  The last day of a limitations period is included in the calculation and, in her case, would normally have been September 5, 2005. However, when the last day of a limitations period falls on a weekend or a legal holiday, "the period runs until the end of the next day. . . ." Rule 6(a).  September 5, 2005 was a legal holiday. Accordingly, in order to be timely, Beriones' Complaint had to be filed no later than September 6, 2005.  The Complaint was filed September 8, 2005. Consequently, her 42 U.S.C. § 1983 claims are barred by the two-year statute of limitations and must be dismissed.

### C. The State Law Claims Are Time-Barred

Defendants move to dismiss all Beriones' state law claims as barred by CAL. GOV. CODE § 945.6(a)(1), setting a six-month statute of limitations for filing a lawsuit against a public entity/employee following receipt of written notice of the result on a cause of action for which an administrative claim must first be presented.  Beriones acknowledges the state Claims Board rejected her claim on April 23, 2004.  She avers she received a letter dated May 7, 2004 informing her of that decision.  Beriones Decl. ¶ 4.  She delayed filing her Complaint for sixteen (16) months thereafter. Accordingly, all her state law claims must also be dismissed as untimely filed.

### III. CONCLUSION AND ORDER

For the foregoing reasons, **IT IS HEREBY ORDERED** Defendants' Motion To Dismiss is **GRANTED**.  This action is dismissed as to all claims and all parties, with prejudice, as plaintiff's causes of action are all barred by the applicable statutes of limitation.

**IT IS SO ORDERED**.

DATED: January 8, 2007

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge